SHIVERS, Judge.
The appellant in this case, Ronnie S. Law, was charged by indictment with first-degree murder from a premeditated design *472 or while engaged in the perpetration of or in the attempt to perpetrate aggravated child abuse. The charge stemmed from the February 10, 1985 death of Louis James Dees IV, or “Little Jim,” the three-year-old son of appellant’s girlfriend, Carol Free.
The evidence at the jury trial was undisputed that Little Jim died in his home on February 10, 1985 as a result of a subdural hematoma caused by blunt trauma to his head; however, the State’s assertion that the trauma was inflicted by the appellant was based solely on circumstantial evidence. The appellant, on the other hand, raised several alternate theories of how the death might have occurred including: (1) that Little Jim’s mother inflicted the blow which ultimately led to the child’s death; (2) that the child’s injuries were caused by one or more accidental falls occurring in the 48-hour period prior to his death; (3) that Little Jim’s older brother, Robert, may have caused the subdural hematoma while “roughhousing” with the child; or (4) that the appellant accidently caused the fatal injury while playing with Little Jim.
The trial court denied appellant’s motions for judgment of acquittal and the jury returned a verdict of guilty on the lesser included offense of second-degree murder. Law was sentenced, within the recommended guideline range, to 17 years imprisonment. He now appeals the judgment of guilt on several grounds, the first of which is that the circumstantial evidence introduced at trial was insufficient to overcome the presumption of innocence. Since we agree with appellant’s first point and reverse on that basis, we find it unnecessary to address the remaining issues dealing with alleged errors occurring at trial.
In the recent case of Fowler v. State, 492 So.2d 1344 (Fla. 1st DCA 1986), this court analyzed several long-standing principles in an attempt to clarify what appeared to be conflicting standards for reviewing the sufficiency of circumstantial evidence. In Fowler, we held that the supreme court’s language in McArthur v. State, 351 So.2d 972 at 976 (Fla.1977) (“the version of events related by the defense must be believed if the circumstances do not show that version to be false”) dictated that the trial court must determine at the threshold “whether the state has been able to produce competent, substantial evidence to contradict the defendant’s story.” Fowler, 492 So.2d at 1347. When the State has produced evidence to contradict the defendant’s story it becomes the jury’s duty to determine whether the evidence is credible and whether it is sufficient to exclude every reasonable hypothesis of innocence beyond a reasonable doubt. Assuming the State fails to carry that burden, however, it becomes the trial court’s duty to grant a judgment of acquittal as to the charged offense, as well as to any lesser included offenses not supported by the evidence. In determining when circumstantial evidence is legally sufficient to go to a jury, this court stated:
We conclude that a circumstantial evidence case should not be submitted to the jury unless the record contains competent, substantial evidence which is susceptible of only one inference and this inference is clearly inconsistent with the defendant’s hypothesis of innocence. Evidence that leaves room for two or more inferences of fact, at least one of which is consistent with the defendant’s hypothesis of innocence, is not legally sufficient to make a case for the jury.
Fowler, 492 So.2d at 1347-48 (footnotes omitted).
After a thorough review of the evidence presented at trial in this case, and upon listening to able oral argument by counsel for each party, we conclude that the State failed to present sufficient evidence to allow the jury to reach a verdict on either second-degree murder or on any other lesser included offense. Second-degree murder, as defined in section 782.-04(2), is the unlawful killing of a human being “when perpetrated by an act imminently dangerous to another and evincing a depraved mind regardless of human life,” but without a premeditated design to effect the death of any particular individual. An act is said to be “imminently dangerous to another and evincing a depraved mind” if it is an act which: (1) a person of ordinary judgment would know is reasonably certain to kill or do serious bodily injury to anoth *473 er; (2) is done from ill will, hatred, spite, or an evil intent; and (3) is of such a nature that the act itself indicates an indifference to human life. Marasa v. State, 394 So.2d 544, 545 (Fla. 5th DCA 1981). Without detailing the lengthy evidence presented at trial, we find that the evidence left room for several inferences of fact, at least one of which was consistent with appellant’s hypotheses of innocence. As we stated in Fowler, to conclude. that the blow to the head which caused the victim’s death was inflicted by the appellant or that he acted with a depraved mind regardless of human life would amount to “pure speculation.” 492 So.2d at 1352. Although the evidence may cast suspicion on the appellant, “mere suspicion is not enough.” 492 So.2d at 1350. Therefore, the trial court erred in failing to grant appellant’s motion for judgment of acquittal as to the crime charged, as well as to any lesser included offenses.
Accordingly, the sentence is vacated, the judgment is reversed, and the cause is remanded with directions to discharge the appellant.
MILLS and JOANOS, JJ., concur.